IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

SHAWN ALEXANDER,

    Petitioner,

v.

MICHAEL SHEETS, Warden,

    Respondent.

CASE NO. 2:08-cv-0416
JUDGE GRAHAM
MAGISTRATE JUDGE ABEL

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. This matter is before the Court on the instant petition, respondent's return of writ, petitioner's traverse, and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

## FACTS and PROCEDURAL HISTORY

The Ohio Tenth District Court of Appeals summarized the procedural history of this case as follows:

> By indictment filed May 7, 2004, defendant was charged with seven counts of rape. The indictment alleged that between October 1, 1999 and November 30, 1999, defendant digitally and vaginally raped his two stepdaughters and his biological daughter, ages two, four or five, and six at the time of the offenses. The indictment further charged defendant vaginally raped one of the girls, then three years of age, on March 16 or 17, 2001. Defendant entered a not guilty plea on May 12, 2004; the same day, the trial court appointed private counsel to represent defendant.

Although the trial originally was scheduled for June 24, 2004, it was continued first to September 20, 2004, then to November 4, 2004, and finally to December 13, 2004. On the morning of trial, defendant requested that the trial court appoint new counsel to represent him. After questioning defendant about the nature of his complaint, the trial court overruled the motion.

According to the record, a jury was partially impaneled, and a recess was taken. When the court resumed that afternoon, defendant indicated he would plead guilty to the three counts alleging digital penetration in exchange for the state's entering a nolle prosequi to the remaining four counts. After inquiring pursuant to Crim.R. 11, the trial court accepted defendant's plea and set sentencing for January 21, 2005.

At the sentencing hearing, defendant advised that he had filed a complaint with the Columbus Bar Association claiming his attorney was negligent, and a complaint with the Ohio State Bar Association claiming the court was prejudiced. Defense counsel informed the court that, as a result of defendant's complaint, he felt some problems may exist in counsel's continuing to represent defendant. The trial court responded that it would proceed with sentencing that day. The trial court sentenced defendant to eight years on the first count, seven years on the next, and seven years on the last, all to be served consecutively. In addition, the court determined defendant to be a sexual predator. The trial court journalized its sentence by judgment entry filed January 26, 2005, assessing costs against defendant.

Defendant timely appeals, assigning the following errors:

[I.] THE TRIAL COURT ERRED, AS A MATTER OF LAW, TO THE PREJUDICE OF THE DEFENDANT-APPELLANT IN FAILING TO APPOINT NEW COUNSEL AND THEREFORE DENYING DEFENDANT-APPELLANT HIS SIXTH AMENTMENT [sic] CONSTITUTIONAL RIGHT, DURING THE ENTIRE CRIMINAL PROCEEDING.

[II.] THE TRIAL COURT ERRED, AS A MATTER OF LAW, TO

THE PREJUDICE OF THE DEFENDANT-APPELLANT, IN PROCEEDING FORWARD WITH A FINAL HEARING WHEN THE DEFENDANT-APPELLANT COMPLAINED ON MANY OCCASIONS DURING THE PENDENCY OF THE CRIMINAL CASE OF INEFFECTIVE ASSISTANCE OF COUNSEL.

[III.] THE TRIAL COURT ERRED, AS A MATTER OF LAW, TO THE PREJUDICE OF THE DEFENDANT-APPELLANT, APPLYING R.C. § 2929.18(5)(a)(ii) IN RENDERING JUDGMENT FOR COURT COSTS IN THE AMOUNT OF $763.00 WITHOUT A HEARING ON THE MATTER AS TO DEFENDANT-APPELLANT'S ABILITY TO PAY.

[IV.] THE TRIAL COURT ERRED, AS A MATTER OF LAW, TO THE PREJUDICE OF THE DEFENDANT-APPELLANT, BY SENTENCING HIM CONSECUTIVELY IN VIOLATION OF OHIO REVISED CODE SECTION 2929.14(B).

*State v. Alexander*, 2006 WL 701137 (Ohio App. 10th Dist. March 21, 2006). On March 21, 2006, the appellate court affirmed the trial court's decision finding petitioner guilty of the offenses to which he entered his guilty plea, but reversed the trial court's sentence and remanded the case for re-sentencing. *Id*. Petitioner apparently did not file an appeal of that decision to the Ohio Supreme Court.

> On April 19, 2006, the trial court held the new sentencing hearing and imposed the same sentences as it had before, and again ordered them to be served consecutively. Appellant timely appealed and advances one assignment of error for our review, as follows:
>
> > At the resentencing hearing, imposition of great- er than the minimum terms for an individual who had not previously served time in prison, and making those terms consecutive, violated the Sixth Amendment and due process guaran- tees of the federal constitution and the equival-

3

ent guarantees under the Ohio Constitution.

*State v. Alexander*, 2006 WL 3491781 (Ohio App. 10th Dist. December 5, 2006). On December 5, 2006, the appellate court affirmed the trial court's judgment. *Id.* On March 28, 2007, the Ohio Supreme Court dismissed petitioner's subsequent appeal. *State v. Alexander*, 113 Ohio St.3d 1444 (2007).

Petitioner also pursued post conviction relief. On December 8, 2006, he filed a petition to vacate and set aside sentence in the state trial court. He asserted as follows:

> 1. Re-sentencing trial counsel, Beverly J. Corner, was ineffective counsel for Shawn Alexander, by failing to address the issues of Ex Post Fact[o], due process, *Apprendi v. New Jersey*, and unconstitutional statutes being relied upon to determine defendant's sentence.
>
> 2. The trial court performed an abuse of discretion when it imposed a sentence upon defendant based on unconstitutional, illegal, and void statutes that were severed and excised in their entirety in *State v. Foster*, 109 Ohio St.3d 1.

*Exhibit 24 to Return of Writ.* Apparently, the trial court has yet to issue a decision on petitioner's post conviction petition. *See Return of Writ*, at 5.

On May 5, 2008, petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. He alleges that he is in the custody of the respondent in violation of the Constitution of the United States based upon the following grounds:

> 1. Petitioner was denied his Fifth, Sixth, and Fourteenth Amendments of the United States Constitution when the Supreme Court of Ohio severed R.C. 2929.14(B) in its entirety including the Constitutional portions that favor the Defendants.

4

> 2. Petitioner was denied his Fifth, Sixth, and Fourteenth Amendments of the United States Constitution when the Supreme Court of Ohio severed R.C. 2929.14(E)(4) and 2929.41(A) in its entirety including the Constitutional portions that favor the Defendant and provide a presumption of concurrent sentences.

It is the position of the respondent that petitioner's claims are procedurally defaulted because a timely objection was not made at the time of sentencing and that the claims are without merit.

## PROCEDURAL DEFAULT

In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state criminal defendant with federal constitutional claims is required fairly to present those claims to the highest court of the state for consideration. 28 U.S.C. §2254(b), (c). If he fails to do so, but still has an avenue open to him by which he may present the claims, his petition is subject to dismissal for failure to exhaust state remedies. *Id.;Anderson v. Harless*, 459 U.S. 4, 6 (1982) (*per curiam; Picard v. Connor*, 404 U.S. 270, 275-76 (1971). If, because of a procedural default, the petitioner can no longer present his claims to a state court, he has also waived them for purposes of federal habeas review unless he can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional error. *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle v. Isaac*, 456 U.S. 107, 129 (1982);*Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).

In the Sixth Circuit, a four-part analysis must be undertaken when the state argues

that a federal habeas claim is precluded by the petitioner's failure to observe a state procedural rule. *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir.1986). "First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule." *Id*. Second, the Court must determine whether the state courts actually enforced the state procedural sanction. *Id*. Third, it must be decided whether the state procedural forfeiture is an adequate and independent state ground on which the state can rely to foreclose review of a federal constitutional claim. *Id*. Finally, if the Court has determined that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner is required to demonstrate that there was cause for him not to follow the procedural rule and that he was actually prejudiced by the alleged constitutional error. *Id*. This "cause and prejudice" analysis also applies to failure to raise or preserve issues for review at the appellate level. *Leroy v. Marshall*, 757 F.2d 94 (6th Cir.1985).

In claims one and two, petitioner asserts that he was denied due process and sentenced in violation of the Sixth Amendment because the trial court re-sentenced him, after *State v. Foster*, 109 Ohio St.3d 1 (2006)(excising fact finding provisions of Ohio's sentencing statutes as unconstitutional under *Blakely v. Washington*, 542 U.S. 296 (2004)), to more than minimum consecutive terms of incarceration. According to petitioner, the trial court was required to sentence him to minimum concurrent terms. This claim, being readily apparent from the face of the record, was properly raised on direct appeal; however, the state appellate court reviewed petitioner's claim for plain error only, due to petitioner's

failure to raise the objection at sentencing:

> On April 19, 2006, the trial court held the new sentencing hearing and imposed the same sentences as it had before, and again ordered them to be served consecutively. Appellant timely appealed and advances one assignment of error for our review, as follows:
>
> At the resentencing hearing, imposition of greater than the minimum terms for an individual who had not previously served time in prison, and making those terms consecutive, violated the Sixth Amendment and due process guarantees of the federal constitution and the equivalent guarantees under the Ohio Constitution.
>
> In support of his assignment of error, appellant argues that the *Foster* court's severance of R.C. 2929.14(B), which relates to non-minimum sentences, and R.C. 2929.14(E)(4), which relates to consecutive sentences, coupled with its application of that case to all cases then pending on direct appeal, such as appellant's, unlawfully deprived him of due process. Specifically, he argues that, as applied to him, the *Foster* decision operates as an ex post facto law because it inflicts a greater punishment upon him than would have the sentencing statutes in place at the time he committed his crimes. He argues that application of *Foster* to his case unlawfully divests him of "the presumption of minimum and concurrent terms." (Brief of appellant, 9.)
>
> Appellant maintains that the *Foster* court should only have excised the judicial fact finding portions of R.C. 2929.14(C) and (E)(4) but should have left intact the portions of the statute that expressed presumptions in favor of minimum and concurrent sentences. He argues that we should reverse and remand for a third sentencing hearing, and order that the trial court impose minimum and concurrent sentences.
>
> Plaintiff-appellee, State of Ohio ("State") argues that appellant did not raise this argument in the trial court and has thus waived all but plain error. We agree. The record discloses that appellant never raised his ex post facto argument in the trial court and he has therefore waived the issue on appeal, absent

plain error. *State v. Houston,* 10th Dist. No. 04AP-875, 2005-Ohio-4249, ¶ 28, reversed in part on other grounds, In re Ohio Crim. Sentencing Statutes Cases, 109 Ohio St.3d 313, 2006-Ohio-2109, 847 N.E.2d 1174.

We are bound to apply *Foster* as it was written. *Sant v. Hines Interests Ltd. Partnership,* 10th Dist. No. 05AP-586, 2005-Ohio-6640, ¶ 19 ("[W]e [are] bound to follow precedent set by the Supreme Court[.]"). Likewise, the trial court was bound to apply *Foster* as written, and was not permitted to give appellant " * * * the benefit of a state of law that never existed; [that is,] * * * a sentence that comports with the Sixth Amendment requirements of *Booker* [ ] and *Foster* [ ] * * * but [without] the possibility of a higher sentence under the remedial holdings of *Booker* [ ] and *Foster* [ ]." *State v. Paynter,* 5th Dist. No. CT2006-0034, 2006-Ohio-552,¶ 28, quoting U.S. v. Jamison (C.A.7, 2005), 416 F.3d 538, 539; see, also, *State v. McGhee,* 3rd Dist. No. 17-06-05, 2006-Ohio-5162.

As the *Foster* court noted, once the mandatory judicial fact-finding is properly eliminated from R.C. 2929.14, "there is nothing to suggest a 'presumptive term' ". *Foster,* at ¶ 96. Therefore, the court held, the sections that " * * * either create presumptive minimum or concurrent terms or require judicial fact-finding to overcome the presumption, have no meaning now that judicial findings are unconstitutional[.]" *Id.* at ¶ 97. Thus, at the time that appellant committed his crimes the law did not afford him an irrebuttable presumption of minimum and concurrent sentences. As such, *Foster* does not violate appellant's right to due process and does not operate as an ex post facto law.

But appellant now seeks the benefit of an irrebuttable presumption of minimum and concurrent sentences, even though such a presumption never existed, arguing that we should order the trial court to apply part of *Foster* to him but not all of it. For all of the reasons stated hereinbefore, this we cannot do. Therefore, we find no error and overrule appellant's assignment of error. Accordingly, the judgment of the Franklin County Court of Common Pleas is affirmed.

*State v. Alexander, supra,* 2006 WL 3491781.[1] The United States Court of Appeals for the Sixth Circuit has held that plain error review does not constitute a waiver of the state's procedural default rules. *Seymour v. Walker*, 224 F.3d 542, 557 (6th Cir. 2000); *see also Adams v. Bradshaw*, 484 F.Supp.2d 753, 771 (N.D. Ohio 2007).

To the extent that petitioner argues that he was denied due process of law when the state court sentenced him to non-minimum, consecutive terms, that claim is procedur-ally barred. However, the Court notes that petitioner raised these same allegations, as well as a claim of ineffective assistance of trial counsel based on his attorney's failure to raise the issues at his re-sentencing hearing, in his December 6, 2006, petition for post conviction relief, which action apparently remains pending in the state trial court. Under these circumstances, petitioner's claims are not waived to the extent they may support a claim of ineffective assistance of counsel. That is a question for the state court to decide in the postconviction action.

In any event, however, the record fails to reflect that federal habeas corpus relief is warranted. According to petitioner, his sentence is void because, after *Foster*, the trial court was without statutory authorization to re-imposed the same sentence. *See Traverse*. The crux of this argument involves interpretation of state law.

A federal court may review a state prisoner's habeas petition only on the grounds that the challenged confinement is in violation of the Constitution, laws or treaties of the

---

[1] Petitioner has withdrawn his claim alleging a violation of the Ex Post Facto Clause. *See Traverse*, at 4.

9

United States. 28 U.S.C. 2254(a). A federal court may not issue a writ of habeas corpus "on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Smith v. Sowders*, 848 F.2d 735, 738 (6th Cir.1988). A federal habeas court does not function as an additional state appellate court reviewing state courts' decisions on state law or procedure. *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir.1988). " '[F]ederal courts must defer to a state court's interpretation of its own rules of evidence and procedure'" in considering a habeas petition. *Id.* (quoting *Machin v. Wainwright*, 758 F.2d 1431, 1433 (11th Cir.1985)). Only where the error resulted in the denial of fundamental fairness will habeas relief be granted. *Cooper v. Sowders*, 837 F.2d 284, 286 (6th Cir.1988). Such are not the circumstances here.

Petitioner has failed to refer to any decisions of the United States Supreme Court indicating that he is entitled to relief. See 28 U.S.C. 2254(d); *Williams v. Taylor*, 529 U.S. 362, 367 (2000). Further, the Ohio Supreme Court in *State v. Bates*, 118 Ohio St.3d 174, 179 (2008), rejected petitioner's argument that the Ohio courts lack jurisdiction, after *Foster*, to impose consecutive sentences.

For all the foregoing reasons, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED**.

If any party objects to this *Report and Recommendation,* that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or

recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matt er to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

s/Mark R. Abel  
United States Magistrate Judge